UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELE ROSE *aka* | ) |
| MICHELLE ROSE BERNSTEIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18 CV 388 RWS |
| | ) |
| MIDLAND NATIONAL LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| THE ESTATE OF JOEL S. | ) |
| BERNSTEIN, | ) |
| | ) |
| Third-Party Defendant. | ) |

## **MEMORANDUM AND ORDER**

In her amended complaint Plaintiff Michele Rose alleges that she was married to decedent Joel Bernstein. Rose and Bernstein were divorced before Bernstein's death. Rose alleges that she is the beneficiary of Bernstein's life insurance policy issued by Defendant Midland National Life Insurance Company. Because it was unclear whether Rose or the Estate of Joel S. Bernstein was entitled to the policy proceeds, Midland added the Estate of Joel S. Bernstein to this case as a third-party defendant. Midland deposited the insurance proceeds with the Court

and was dismissed from the case. Rose and the Estate have filed cross motions for summary judgment seeking the full proceeds. Because Rose's designation as the beneficiary was terminated by operation of law and was not otherwise revived, I will grant summary judgment to the Estate.

*Background[1]*

Plaintiff Michele Rose was married to Joel S. Bernstein on November 23, 1984. During the marriage, Bernstein purchased a life insurance policy (Policy) with a face value of $130,000. Bernstein designated Rose as the beneficiary of the Policy. Bernstein and Rose agreed to divorce and entered an Interspousal Agreement (Agreement) on August 18, 1989. The Agreement stated that the parties mutually released each other from all claims and obligations not preserved in the Agreement. The Policy was not mentioned in the Agreement. Article 19.1 of the Agreement provided that any "modification or waiver of any provisions of this Agreement shall be effective only if made in writing and executed with the same formalities as this Agreement."

---

[1] Rose has filed a motion to disregard some of the Estate's responses to Rose's statement of undisputed facts that she submitted in support of the motion for summary judgment. Rose contends that the Estate's denial of several "facts" should be disregarded because the Estate failed to provide admissible evidence in opposition to these "undisputed" fact statements. Under Local Rule 4.01(E), a party opposing the statement of material facts shall dispute them "with specific references to portions of the record, *where available*, upon which the opposing party relies." (emphasis added). Because the "facts" that Rose submits are based solely on her own information and belief there is not any portion of the record available to oppose the motion. As a result, the Estate's opposition is appropriate and Rose's motion is without merit. In addition, I note that Rose failed to file any response to the Estate's motion for summary judgment including the Estate's statement of undisputed facts.

On June 28, 1990, a final divorce hearing was held in the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, in Docket No. FM-202236-90. Rose and Bernstein both attended the hearing. On the same date, the court entered a Final Judgment of Divorce. The Judgment incorporated the Agreement. The Judgment also ordered the parties to comply with each and every obligation in the Agreement. In addition, the Judgment contained a handwritten notation that the Agreement was "orally amended." There are two additional handwritten notations on the Judgment. One reads "6/28 Amended pay $200 through March 1991." This appears to amend Article 3.1(b) of the Agreement that Bernstein agreed to pay Rose $200 per week through November 1, 1990. The other handwritten notation reads "Def. may resume use of her former name of Rose." Nothing in the Judgment addressed Bernstein's life insurance policy at issue in the present case. Rose argues that Bernstein agreed orally to amend the Interspousal Agreement to keep Rose as the beneficiary of Bernstein's life insurance policy after the divorce. Both the Estate and Rose have moved for summary judgment.

*Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to

3

any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Discussion*

The question to be resolved in this case is which party is the lawful beneficiary of Bernstein's life insurance policy. No one disputes that New Jersey law controls the issue. The parties were divorced in New Jersey. The life insurance policy was issued to Bernstein, a New Jersey resident. Under New Jersey law a divorce operates to automatically revoke the disposition of property to

a former spouse in a governing instrument. N.J.S.A. § 3B:3-14.[2] A governing instrument includes a life insurance policy. § 3B:1-1. <u>Hadfield v. Prudential Ins. Co.</u>, 408 N.J. Super. 48, 53, 973 A.2d 387, 390 (App. Div. 2009) (the designation of spouse on a life insurance policy is revoked upon a divorce). The statute revokes the designation except "as provided by the express terms of a governing instrument, a court order, or a contract relating to the division of marital estate" which provides otherwise. § 3B:3-14(a).

The parties do not dispute that the divorce would operate under New Jersey law to revoke Rose's designation as the beneficiary of the policy. If an agreement to maintain Rose as the beneficiary was expressed in a court order or in a contract relating to the marital assets then Rose would be preserved as the beneficiary by operation of § 3B:3-14(a).

Rose filed an affidavit in support of her motion for summary judgment. In it she declares that "Bernstein agreed orally to amend the drafted Interspousal Agreement and keep me as a beneficiary of the Policy …" [Doc. # 40, Ex. A, Rose

---

[2] The statute in pertinent part reads:
a. Except as provided by the express terms of a governing instrument, a court order, or a contract relating to the division of the marital estate made between the divorced individuals before or after the marriage, divorce or annulment, a divorce or annulment:
(1) revokes any revocable:
(a) dispositions or appointment of property made by a divorced individual to his former spouse in a governing instrument and any disposition or appointment created by law or in a governing instrument to a relative of the divorced individual's former spouse;
N.J. Stat. Ann. § 3B:3-14 (West)

Aff.][3] Rose asserts that the notation on the Final Judgement of Divorce that the Agreement, "as orally amended," is incorporated into the judgment supports her position. Two issues prevent Rose's affidavit from establishing that the Agreement was amended. First, the Agreement itself expressly states that any "modification or waiver of any provisions of this Agreement shall be effective only if made in writing and executed with the same formalities as this Agreement." The Agreement was not modified in writing. It does not address the life insurance policy or make any reference to Rose being maintained as the beneficiary of the Policy. By operation of the express terms of the Agreement, as incorporated by the Final Judgment of Divorce, the Agreement could not be orally modified. Any oral amendment would not be binding or valid.

The second reason Rose's argument fails is the Judgment itself. The Judgment does note that the Agreement "as orally amended" is incorporated into the Judgment. The only amendment to the Agreement noted on the Judgment is the extension of time Bernstein would pay Rose $200 a week. That notation modified the terms of the Agreement. That modification is the sole provision identified which would encompass the "as orally amended" notation. A significant amendment like the addition of the life insurance policy and its named beneficiary

---

[3] Rose also asserts in her affidavit that she was not present at the divorce hearing but the Final Judgment of Divorce notes that she was present. In addition, she asserted that the hearing was held on July 9, 1990. In her reply brief she conceeds that the hearing was held on June 28, 1990 and that she was present.

would be expected to be noted on the Judgment like the extension of weekly payments was noted.  The Judgment itself does not mention the life insurance policy or the designation of Rose as the beneficiary of the policy.  Nor has any party produced a transcript of the proceeding which would be an official record of the court proceeding.

Because Rose has failed to produce a court order or a valid contract relating to the division of marital estate which designates her as the continued beneficiary of the Policy, her designation as beneficiary was revoked by operation of New Jersey law.  As a result, the Estate is entitled to summary judgment in this matter.

Accordingly,

**IT IS HEREBY ORDERED that** Third-Party Defendant the Estate of Joel S. Bernstein's motion for summary judgment [51] is **GRANTED**.

**IT IS FURTHER ORDERED that** Plaintiff Michele Rose's motion for summary judgment [38] is **DENIED**.

**IT IS FURTHER ORDERED that** Plaintiff Michele Rose's motion to disregard Defendant's response to her undisputed facts in support of her motion for summary judgment [47] is **DENIED**.

**IT IS FURHTER ORDERED that** the Clerk of Court shall disburse the funds held in this matter to Third-Party Defendant the Estate of Joel S. Bernstein.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of February, 2019.